IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2019 Session

## NEELD J. MESSLER II v. JANETTE ROBERTS BRUMLOW

**Appeal from the Circuit Court for Hamilton County**
**No. 15C1173  John B Bennett, Judge**

_____

### No. E2018-00563-COA-R3-CV

_____

This is an appeal challenging a jury verdict in an unlawful detainer action, in which both parties had raised additional counterclaims against one another, including breach of contract, fraud, and a violation of the Tennessee Consumer Protection Act. The jury returned a verdict in favor of the appellee. However, neither the jury's verdict nor the trial court's judgment on the verdict, addressed all of the parties' claims. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Janette Roberts Brumlow, Chattanooga Tennessee, Pro se.

John C. Cavett, Jr., Chattanooga Tennessee, for the appellee, Neeld J. Messler.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

On November 12, 2008, Janette Brumlow and Neeld Messler entered into a Standard Real Estate Rental Agreement and an Option to Purchase Real Estate Agreement, the latter of which granted Ms. Brumlow the right to exercise an option to purchase the subject property. Ms. Brumlow made monthly payments in conformity with the Rental and Option Agreements for several years—from January 1, 2009 through July 1, 2015—until, as she admits in her brief on appeal, she "stopped making payments" because she "was planning to move[.]" When Ms. Brumlow refused to vacate the property, Mr. Messler filed an unlawful detainer action against her in the Hamilton County General Sessions Court seeking possession of the property and a judgment for

past due monthly payments. After the general sessions court entered a judgment in favor of Ms. Brumlow, Mr. Messler appealed the matter to the Hamilton County Circuit Court (the "trial court"). In addition to requesting a jury trial, Ms. Brumlow asserted multiple counterclaims against Mr. Messler, including breach of contract, fraud, and a violation of the Tennessee Consumer Protection Act ("TCPA"). Mr. Messler filed an answer to Ms. Brumlow's counterclaims, denying the substantive allegations against him and raising statute of limitations defenses as to Ms. Brumlow's fraud and TCPA claims. On August 3, 2016, the trial court entered an agreed order, which extended the trial date, allowed the parties to amend their pleadings, and ordered Ms. Brumlow to vacate the premises of the subject property by August 31, 2016.[1] Mr. Messler then filed an amended answer and counterclaim, raising a breach of contract claim against Ms. Brumlow and seeking an additional monetary judgment in the amount of $14,103.17.

The case was set for trial, with Ms. Brumlow appearing *pro se*.[2] On August 10, 2017, during voir dire of the prospective jurors, Ms. Brumlow informed them that she would not challenge any of them, a violation of Tennessee Rule of Civil Procedure 47.03. The trial court convened a sidebar, instructing Ms. Brumlow that such indications were prohibited; however, Ms. Brumlow repeatedly violated the trial court's instructions, and Mr. Messler subsequently moved for and the trial court granted a mistrial.[3] The case was reset and retried before a jury on February 22 and 23, 2018, resulting in a verdict in favor of Mr. Messler. The trial court entered its judgment on March 1, 2018. Ms. Brumlow thereafter appealed.

## ISSUE PRESENTED

Ms. Brumlow's brief on appeal does not raise any specific issues for this Court to review; however, we surmise from the language in her brief that she contends that the jury verdict was contrary to the weight of the evidence presented at trial.

---

[1] The parties had initially agreed that Ms. Brumlow would vacate the premises by July 31, 2016. However, because Ms. Brumlow's counsel "encountered a medical situation that . . . rendered him unable to practice law[,]" the trial court extended the date by which Ms. Brumlow had to vacate the premises to August 31, 2016.

[2] As a *pro se* litigant, Ms. Brumlow is entitled to fair and equal treatment by the courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Nevertheless, we must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary" and not excuse the *pro se* litigant from complying with the same substantive and procedural rules that represented parties must observe. *Id.*

[3] In the order, the trial court noted that "[i]t was clear to this Court that there had been too many violations, such that there was clearly unfair prejudice visited upon [Mr. Messler] so as to create an unfair trial for [him]." The trial court cited Tennessee Rule of Civil Procedure 47.03, which provides that, during the voir dire process, "[n]either party shall make known the fact that the party has not challenged." Tenn. R. Civ. P. 47.03.

## DISCUSSION

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we are required to review the appellate record to determine if this Court has subject matter jurisdiction to hear this appeal. Upon our review of the record, we have determined that we do not have jurisdiction because the trial court's judgment on the jury verdict did not adjudicate all of the claims set forth by both Mr. Messler and Ms. Brumlow.

At the conclusion of the underlying trial, the jury was given a verdict form to consider. When asked if Mr. Messler had made an intentional misrepresentation to Ms. Brumlow, the jury answered "no." When asked if Mr. Messler had breached a contract with Ms. Brumlow, the jury again answered "no." The trial court then entered a judgment order reflecting the verdict. The judgment, however, failed to address all of the parties' claims. For example, the trial court's pretrial conference order stated the following regarding the parties' claims to be addressed at trial:

> [Mr. Messler's] claims and counterclaims are breach of contract . . . and the Detainer Summons issued August 24, 2015 in the Hamilton County, Tennessee General Sessions Court.

> [Ms. Brumlow's] claims and counterclaims are breach of contract, fraud and violation of the Tennessee Consumer Protection Act . . . for solicitation and misrepresentation[.]

Moreover, in his amended answer and counterclaim, Mr. Messler requested the trial court to enter a judgment against Ms. Brumlow in the amount of $14,103.17 for additional unpaid rent from September 2016 through September 2017. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). The jury verdict—and the trial court's judgment order on the verdict—does not address Mr. Messler's breach of contract claim or his requested relief. Moreover, the record on appeal does not reflect that these claims were otherwise resolved by the trial court. Accordingly, the judgment order appealed in this matter is not a final judgment and, therefore, the appeal must be dismissed for lack of subject matter jurisdiction.

- 3 -

## CONCLUSION

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice.

_____
ARNOLD B. GOLDIN, JUDGE